LINGREN, Respondent, v. W. L. HUFFMAN AUTOMOBILE COMPANY, Appellant.

(166 N. W. 157)

(File No. 4212.   Opinion filed January 18, 1918.)

**Principal and Agent—Automobile Sub-agent—Direct Buying to Remedy Defects—Liability for Price to Sales Agency.**

Where plaintiff, sales agent of defendant automobile sales company, sold a car, but, the top being defective, he sent direct to the motor company who manufactured the automobile for a new one, instead of applying to his principal, **held,** that he was not liable to the sales company for price thereof.

Appeal from the Municipal Court of Sioux Falls. Hon. ALPHA F. ORR, Judge.

Action by G. A. Lingren, against the W. L. Huffman Automobile Company, to recover for a claimed balance of money due him. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Morris & Fitzpatrick,* for Appellants.

*Parliman & Parliman,* for Respondent.

McCOY, J. Plaintiff Lingren as a sales agent of the defendant automobile company, by contract, was required to and did deposit with defendant $150 as a guaranty of any repair account which he might run with defendant under the terms of said contract, and which deposit defendant agreed to return to plaintiff less any such repair account at the time of the expiration of such agency, which expired on the 1st day of July, 1916. The plaintiff claimed that at the time of the expiration of such agency he was owing the defendant for repairs $12.14, and no more, leaving a balance of $137.86 due plaintiff from defendant by reason of said deposit. Defendant answered and claimed that plaintiff was owing on said repair account the sum of $52.94, leaving a balance due from defendant to plaintiff of $97.06, and no more, for which sum defendant offered to allow plaintiff to take judgment, together with interest and costs. The only item in dispute between these parties was $40.80, the purchase price of an automobile top. The case was tried to the court, without a jury, and findings of fact, conclusions of law, and judgment were rendered in favor of plaintiff for the sum of $137.86, with interests and costs, the full amount claimed by plaintiff, from which judgment defendant appeals, alleging the insufficiency of the evidence to justify the decision.

It appears from the record that the top of one of the automobiles sold by plaintiff for defendant was defective, and that the purchaser refused to accept delivery of said automobile by reason of such defective top; that thereupon plaintiff sent to the Chalmers Motor Company, who manufactured the automobile in question, for a new top, returning to said motor company the defective top; the Chalmers Motor Company balancing the account for the new top on the receipt of the damaged top. By no stretch of imagination are we able to discern how or in what

manner the respondent could by any possibility become indebted to defendant in any sum whatever by reason of this automobile top transaction. No testimony of any kind or character has been shown by appellant that will create any obligation on the part of respondent to pay for this automobile top.

Judgment and order appealed from are affirmed, with costs in favor of respondent, and damages for delay of 10 per cent on the amount of the judgment.